Matter of Blatt (2023 NY Slip Op 04120)

Matter of Blatt

2023 NY Slip Op 04120

Decided on August 2, 2023

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
BETSY BARROS
FRANCESCA E. CONNOLLY
ROBERT J. MILLER, JJ.

2020-05628

[*1]In the Matter of Arnold William Blatt, a suspended attorney. Grievance Committee for the Ninth Judicial District, petitioner; Arnold William Blatt, respondent. (Attorney Registration No. 2071736)

DISCIPLINARY PROCEEDING commenced by the Grievance Committee for the Ninth Judicial District pursuant to 22 NYCRR 1240.8 by the service and filing of a notice of petition dated July 22, 2020, and a verified petition dated July 16, 2020, containing 12 charges of professional misconduct, and the respondent served and filed a verified answer dated July 28, 2020. By decision and order on motion of this Court dated June 2, 2021, the respondent was immediately suspended from the practice of law in the State of New York, pursuant to 22 NYCRR 1240.9(a)(2) and (5), and the matter was referred to the Honorable Sondra M. Miller, as Special Referee, to hear and report. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 26, 1959.

Courtny Osterling, White Plains, NY (Matthew Lee-Renert of counsel), for petitioner.
Arnold W. Blatt, New City, NY, respondent pro se.

PER CURIAM.

OPINION & ORDER
The Grievance Committee for the Ninth Judicial District served the respondent with a notice of petition dated July 22, 2020, and a verified petition dated July 16, 2020, containing 12 charges of professional misconduct, and the respondent served and filed a verified answer dated July 28, 2020. Subsequently, the Grievance Committee served and filed a statement of disputed and undisputed facts dated August 17, 2020, which the respondent did not challenge. By decision and order on motion of this Court dated June 2, 2021, the respondent was immediately suspended from the practice of law in the State of New York, pursuant to 22 NYCRR 1240.9(a)(2) and (5), and the matter was referred to the Honorable Sondra M. Miller, as Special Referee, to hear and report. A pre-hearing conference was held on July 21, 2021, and a hearing was conducted on October 19, 2021. The Special Referee filed a report dated December 20, 2021, in which she concluded that the respondent was guilty of serious misconduct and sustained the charges against the respondent. The Grievance Committee now moves to confirm the Special Referee's report and impose such discipline upon the respondent as the Court deems just and proper. The respondent has not submitted any papers in response nor sought additional time to respond.
The Petition 
Charge one alleges that the respondent misappropriated funds entrusted to him as a fiduciary, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0) as [*2]follows: From about October 1, 2018, through April 30, 2019, the respondent maintained an IOLA account with an account number ending in 5173 captioned as "Arnold W. Blatt, IOLA Account" (hereinafter the IOLA account), at Manufacturer's & Traders Trust Bank, which he used incident to his practice of law.
Between November 2018 and April 2019, the respondent represented Sandra Rodriguez in connection with her sale of real property to Norris Bernard and Ralston Bernard (hereinafter the Rodriguez-to-Bernard matter). On or about November 30, 2018, the respondent deposited a $10,500 real estate down payment that he had received in the Rodriguez-to-Bernard matter into the IOLA account. On March 14, 2019, when the respondent issued check No. 3124 (hereinafter the subject check) from the IOLA account payable to Rodriguez in the sum of $4,750, the balance in the IOLA account was $3,696.66. The IOLA account balance, however, should have been at least $4,750 for the Rodriguez-to-Bernard matter. On March 20, 2019, the subject check was dishonored.
Charge two alleges that the respondent did not properly identify his IOLA account by failing to include the required language "attorney trust," "attorney special," or "attorney escrow," in the IOLA account's caption as required under rule 1.15(b)(2) of the Rules of Professional Conduct.
Charge three alleges that the respondent violated rule 1.15(c)(3) of the Rules of Professional Conduct, requiring him to maintain complete records of all funds of a client coming into his possession and render appropriate accounts, as follows: Upon receiving notice that the subject check in the Rodriguez-to-Bernard matter had been dishonored, the Grievance Committee undertook an investigation. The respondent was unable to explain the reason for one or more disbursements made by him in connection with the Rodriguez-to-Bernard matter and why the balance on deposit in his IOLA account on March 20, 2019, had been insufficient.
Charge four alleges that the respondent failed to promptly provide a client with a written retainer agreement in a contingent fee matter in violation of rule 1.5(c) of the Rules of Professional Conduct. From October 1, 2018, until on or after January 23, 2019, the respondent represented John Starkey and/or his business, BradStar Design, in a litigated matter captioned BradStar Design v Godinez , arising from a mechanic's lien. Although the respondent was retained to handle this matter on a contingent fee basis, he failed to provide his client with any writing stating the method by which his fee was to be determined, including the percentage that would accrue to the respondent in the event of a settlement, the expenses that were expected to be deducted from the recovery, and whether such expenses were to be deducted before or after respondent's contingent fee was calculated.
Charge five alleges that the respondent failed to provide competent representation to a client in violation of rule 1.1(a) of the Rules of Professional Conduct, as follows:
The respondent prepared a will for his longtime client, Carmelo Carbone, naming Carmelo Carbone's brother, Michael Carbone, also known as Michaelangelo Carbone, as the executor of his estate (hereinafter the executor), and Carmelo Carbone's two daughters, Debra Betz and Kristin Carbone-Lopez, as the primary beneficiaries. On or about May 13, 2004, Carmelo Carbone died. At the time of Carmelo Carbone's passing, the estate had an estimated value of approximately $2,000,000, comprised of real property holdings, including a 125-acre parcel known as "the Farm," a corporation named CRF, Inc., other liquid assets, and a collectible automobile. On or about August 15, 2004, the respondent, who had been retained by the executor to handle the estate's legal matters, filed a petition for probate on behalf of the estate. From the inception of his qualifying and serving as executor, the executor began using assets of the estate solely for the benefit of himself and his own two children. On April 13, 2011, in a proceeding initiated by Betz, the executor's letters testamentary were suspended and he was surcharged in excess of $1,025,000 for his looting and mismanagement of the estate, and Betz was appointed as substitute administrator.
Betz commenced an action against the respondent, and multiple successor attorneys who served the executor and/or the estate, in the Supreme Court, Westchester County, entitled Debra Betz, Administrator of the Estate of Carmelo Carbone (a/k/a Mel Carbone ) v Arnold Blatt, et al. , Index No. 58938/2011, asserting causes of action to recover damages for legal malpractice, aiding and abetting fraud, and violations of Judiciary Law § 487. Only the respondent proceeded to trial.
After a nonjury trial, in a decision and order dated April 29, 2019, the Honorable Gerald E. Loehr found, inter alia, that the respondent: (a) failed to use a written retainer agreement with the executor; (b) negligently failed to carry out his obligations as spelled out in demand letters [*3]sent to him from the beneficiaries' counsel; (c) failed to counsel or control the executor with respect to the dissolution of CRF, Inc., thereby allowing the executor to continue to operate the corporation and generate fictitious bills and incur additional operating costs, without any oversight, solely for the executor's benefit and the compensation of the executor's own children; (d) negligently failed to ensure that the proceeds of the estate's sale of its real properties were segregated into a separate estate account, despite a request by the beneficiaries that he do so, thereby enabling the executor to appropriate those monies for the executor's own purposes; (e) overlooked the executor's actions, even though he knew that the executor had not been properly marshaling the estate's assets or preserving them for distribution to the beneficiaries, as well as that the executor was continuing to operate CRF, Inc., for the benefit of himself and his own children, who were being paid for fictitious services out of estate funds; (f) failed to exercise the degree of skill required of an attorney advising the estate when the executor's own daughter was hired to perform an accounting for the estate, even though the respondent recognized that the accounting she performed "was terrible" on its face; (g) failed to properly assist in the administration of the estate and oversee the executor's actions, thereby facilitating the executor's self-dealing, waste, and substantial depletion of the estate; and (h) allowed the case to evolve beyond his ability to handle it on his own, without calling in a competent attorney to assist him, or moving to withdraw from the representation, while continuing to hold himself out as the estate's attorney and to make checks payable to the executor, even though the respondent knew the executor was engaging in self-dealing. Justice Loehr also found: (i) that even after the executor's powers were suspended, the respondent continued to assist the suspended executor and his son with preparing and filing approximately $1,137,500 in liens against certain properties to insulate them from recovery by the estate; (j) that the respondent allowed approximately $1,500,000 in proceeds from the sale of the Farm to be wired to the account of CRF, Inc., rather than depositing these proceeds into an estate account; (k) that all the foregoing was exacerbated, aided, and abetted by the respondent's failure to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession; and (l) that the respondent's breach of these duties was the proximate cause of the plaintiff's damages.
Justice Loehr concluded that the respondent negligently performed his duties and breached his fiduciary duty to the estate and the beneficiaries resulting in financial damages by the depletion of the estate's assets, tax penalties for late filing, and an increase in attorney fees charged to the estate.
Based on the factual specifications in charge five, charge six alleges that the respondent failed to handle a matter that he knew or should have known he was not competent to handle without associating with a lawyer who is competent to handle the matter; charge seven alleges that the respondent counseled or assisted a client to engage in conduct that he knew was illegal or fraudulent; charge eight alleges that the respondent neglected a legal matter entrusted to him; charge nine alleges that the respondent failed to withdraw when he knew or reasonably should have known that his continued representation would result in a violation of the rules or the law; charge ten alleges that the respondent failed to withdraw where the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent; and charge eleven alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of rules 1.1(b), 1.2(d), 1.3(b), 1.16(b)(1) and (c)(2), and 8.4(c) of the Rules of Professional Conduct, respectively.
Charge twelve alleges that the respondent, based on the aforementioned conduct, engaged in conduct that adversely reflects upon his fitness as a lawyer, in violation of rule 8.4(h) of the Rules of Professional Conduct.
Findings and Conclusion 
In view of the respondent's admissions and the evidence adduced, we find that the Special Referee properly sustained all of the charges. The Grievance Committee's motion to confirm the Special Referee's report is therefore granted.
We find that the respondent's conduct reflects a disturbing pattern of fiduciary mismanagement. The evidence supports the conclusion that the respondent engaged in significant misconduct, especially with respect to the Carbone estate. The respondent, inter alia, failed to provide competent representation to his client, breached his fiduciary duty to the estate and the beneficiaries, counseled or assisted the executor to engage in conduct that the respondent knew was illegal or fraudulent, and failed to withdraw when the executor persisted in a course of action that [*4]was illegal or fraudulent, resulting in the executor's looting and mismanagement of over $1,025,000 in estate funds. As a result of the respondent's malpractice, on or about April 29, 2019, Justice Loehr found that the respondent caused damages to the estate in the total sum of $1,856,699.36, representing the depleted estate funds, attorney fees, and expert fees. The respondent admitted in this disciplinary proceeding that he has not made any payments towards the $1,856,699.36 judgment, and that it is unlikely that the beneficiaries will recover the funds and be made whole as the executor has also avoided all efforts to pay the surcharge of $1,025,000 imposed upon him by the Surrogate's Court and has absconded from the jurisdiction. The respondent, among other things, also misappropriated funds relating to the Rodriguez-to-Bernard matter and could not explain why the balance in his IOLA account was insufficient.
In determining an appropriate measure of discipline to impose, we have considered, in mitigation, evidence that the respondent cooperated with the Grievance Committee's investigation. We have also considered, in aggravation, the respondent's pattern of misconduct; his substantial experience in the practice of law; and his disciplinary record which is not unblemished, having received three Letters of Caution and an Admonition.
Under the totality of circumstances, we conclude that the respondent's conduct warrants his disbarment.
LASALLE, P.J., DILLON, BARROS, CONNOLLY and MILLER, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted and the charges are sustained; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Arnold William Blatt, a suspended attorney, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Arnold William Blatt, shall continue to comply with this Court's rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Arnold William Blatt, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Arnold William Blatt, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Clerk of the Court